IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In The Common Pleas Court For The for the Commonwealth Of Pennsylvania

FILED
HARRISBURG, PA
JUL 25 2013
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Frederick Banks, Plaintiff,

v.

State Farm ; Nikole Sullivan
Dan LNU; Mike Doyle, US
Congressman
PO Box 106110
Atlanta, GA 30348-6110

CIVIL DIVISION

CASE NO.

**JURY TRIAL DEMANDED**

*four unknown named, unknown agents of FCC Forrest City; Federal Bureau of prisons; Captain; warden Anthony Haynes; wife,*

## COMPLAINT FOR BREACH OF CONTRACT, FRAUD AND OTHER PRESERVED RIGHTS

*Frederick Banks alleges for his complaint as follows:*

1. On July 23 2013 I received a call from Nikole Sullivan of State Farm Insurance stating that my claim was denied for damages that occurred to my property in 2001 because of Tropical Storm Sullivan. State Farm agent Sullivan stated that they would not honor the contract that was signed with State Farm Insurance in 2001 which was a policy protecting the property at 52 south 8th Street, Pittsburgh, PA 15203 from any loss associated with damages that would occur from a storm and from winds among other things. Shortly after Nikoles phone call denying my claim I received a certified letter from state farm stating that my claim was not denied but was being continually conducted under a "reservation of rights". The Court has jurisdiction under the common law and state and federal statutes.

2. In June of 2013 when I returned home after being away for that long and learned of the damages to the property I promptly reported it.

3. Dan from State Farm stated that because I could not suit because of the statute of limitations that they would not cover the claim. Dan is Nikoles supervisor. Dan denied my claim because he thought that I could not recover in court he did not deny the claim because I was not covered which was improper. On this same date I contacted US Congressman Mike Doyle and requested that he intervene in this matter. I move the court to compel via writ of mandamus for Congressman Doyle to intervene and investigate the fraud and fraudulent activity committed by Dan a state farm agent. Plaintiff moves the court for additional damages under the Sioux Treaty of Fort Laramie 15 Stat 635 (1868); and The Northwest Ordinance (stating that in their property the Indians "shall never be invaded or disturbed").

4. Pursuant to 18 USC 3332 my allegations of criminal wrong doing may be presented to a grand jury.

As an initial matter since I am an American Indian this action Is tolled because there are no statute of limitations in claims involving an American Indian. See Daney v. United States ___F.Supp___ (WDOK 1965) (stating that " Under general tax law, this statute of limitations requirement is normally a jurisdictional prerequisite. See, e.g., 10 Mertens, Federal Income Tax § 58A.06 (1960). But general rules of tax law, like general acts of Congress, do not apply to restricted

Indians in such a strict manner. See, e.g., Blackbird v. Commissioner, 38 F.2d 976(10th Cir. 1930). Cf. Big Eagle v. United States, 156 Ct. Cl. 665, 300 F.2d 765 (1962).

Judge Rizley of the Western District of Oklahoma has recently ruled that a refund claim can be filed by a restricted Indian at any time. Nash v. Wiseman, 227 F. Supp. 552 (W.D. Okla. 1963). See also 10 Mertens, Federal Income Tax § 58A.06 n. 54 (1960). In other words, the noncompetency of an Indian tolls the applicability of the statutes of limitations."; United States v. Sioux Nation ___US ____ (June 30 1980)

Plaintiff had a contract with Defendants. Defendants breached the contract because they will not pay for wind and storm damage related to the 2001 Tropical Storm Allission. Moreover, when Plaintiff found out he promptly reported the damage. The reporting of the damage claim at the time Plaintiff found out about the claim is also sufficient under state law to toll the filing of the claim. See Holland v. Florida ___US ____(2010). [handwritten: Additionally four unknown named federal agents operating from the SHU at FCC Forrest City AR under Captain Wise and Warden Anthony Haynes used Remote Neural Monitoring to intentionally interfere in the contract Banks had with State Farm to get State Farm to deny the claim.]

5. As a proximate result of defendants breach Fred Banks was damaged in the amount of $57,000 plus costs interest and fees and punative damages in the amount of $100,000.
6. Fraud Claims – Dan LNU told Fred Banks that his claim was denied because he knew that Banks could not meet the statute of limitations issue in court not because the claim was invalid. Dan delivered his denial on an improper basis. The claim was not denied because Banks wasn't covered as evidenced by the subsequent letter from state farm stating that the claim was proceeding on a reservation of rights. Banks gave immediate notice because when he found out about the damages he reported the claim. Under the law that was immediate notice. Noone was required to report the claim except for Fred Banks. Dan and the defendants committed fraud which damaged the Plaintiff to the tune of $57,000. The defendants activity was willful, knowing, intelligent, purposeful, malicious, and damaged the Plaintiff and as an approximate result Banks was damaged. Thus Defendants owe Plaintiff $57,000 on the fraud claim plus punative damages of $100,000.
7. Accordingly damages should be entered for Plaintiff and against the Defendants in the amount of $314,000.00 Plus costs, interest and fees the Defendants should be ordered enjoined from further activity and ordered to personally apologize to Plaintiff for their actions. A jury trial should be ordered and evidence of Dan's criminal wrong doing should be presented to a Grand Jury.
8. WHEREFORE, Judgment should be entered for Plaintiff and against Defendants in the amount of $314,000. A jury trial should be ordered along with all other requested relief plus costs interest and fees.
9. /s/ Frederick Banks
PO Box 42303
Pittsburgh, PA 15203

PLAINTIFF